UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HOWARD ALBERT JR** | **CASE NO. 6:25-CV-00411** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **TOPGOLF U S A L F L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

For the reasons discussed at the April 28, 2025 telephone conference, and after reviewing the pleadings, this Court cannot determine whether the Court has subject-matter jurisdiction over this action as this Court is unable to determine the amount in controversy.

The amount in controversy is generally defined as the sum claimed by the plaintiff in good faith. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). When the amount in controversy is not facially apparent, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). To satisfy this burden, the removing defendant must either (1) demonstrate that it is facially apparent that the value of the

claim is likely greater than $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount. *Id*. Accordingly,

IT IS ORDERED that, no later than May 14, 2025, Defendant shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds $75,000. These facts should be supported with summary-judgment-type evidence. Plaintiff will be allowed seven days to respond to Defendant's submission.

Signed at Lafayette, Louisiana, this 1st day of May, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE